[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this complaint to request the court to order the respondent to fulfill his responsibility under C.G.S.54-82c. He alleges that on November 14, 1996 he sent letter to the respondent requesting a speedy trial or other final disposition of any untried criminal charges pending against the petitioner in the state of Connecticut along with thirteen (13) letters addressed to each of the judicial district State's Attorneys inquiring if there are such untried cases in the respective judicial districts and that the respondent failed to act upon his request. The respondent has generally denied that he has not fulfilled his duties under the provisions of 54-82c
and has lodged against him as a detainer a warrant issued by the United States Parole Commission for which he is not entitled to a speedy trial on a tried indictment.
The evidence produced that neither the petitioner nor the respondent were aware of any untried pending criminal charges against the petitioner in Connecticut, Mrs. DeVaux, the record keeper for the Department of Corrections, testified that she made CT Page 10867 such determination of pending cases by whether or not detainers had been filed whereas the petitioner wanted to make such determination by inquiring of each State's Attorney of each Judicial District. The petitioner, apart for the thirteen (13) letters he claimed he prepared for the Warden's issuance, sent out such letters which generated only four (4) responses of which all four (4) were negative. It is the claim of the petitioner that C.S.G. 54-82c(a), (b) and (c) place the responsibility of ascertaining the pending untried indictments or information on the respondent.
C.G.S. 54-82c is patterned after C.G.S. 54-186, which is known as the Interstate Agreement on Detainers (IAD) and which applies to prisoners who are incarcerated in one state and face charges in another. A primary purpose behind both statutes is to alleviate problems posed by outstanding detainers on efforts at prisoner rehabilitation. Prison authorities would give weight to such detainers so as to exclude such prisoners from rehabilitation programs including special work programs, athletic programs, release for funerals or death of relatives or even consideration of parole since they would be forced to act without knowing whether the prisoner would be convicted on the other pending charges. State v. Milton, 26 Conn. App. 698, 702-3. Some knowledge of any untried indictment or information against the prisoner is necessary to trigger the obligation to notify the prisoner by correctional authorities under C.G.S. 54-82c(c). Id. 705-710: Appeal dismissed, 224 Conn. 168. There is no obligation to initiate a search by the respondent of other than his own records.
For the above reason the petition is denied.
Corrigan, STR